IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE PLAME WILSON and JOSEPH C. WILSON IV, ) ) ) ) Plaintiffs, ) ) v. ) ) I. LEWIS (a/k/a/ "SCOOTER") LIBBY, JR., ) KARL C. ROVE, RICHARD B. CHENEY ) and JOHN DOES NO. 1-10, ) ) Defendants. ) | Civil Action No. 06-CV-1258 |

### **DEFENDANT I. LEWIS LIBBY'S MOTION TO DISMISS THE COMPLAINT**

Pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, and for the reasons stated more fully in the accompanying Memorandum of Points and Authorities, I. Lewis Libby moves to dismiss the Amended Complaint because plaintiffs have failed to state legally cognizable claims for any of their alleged causes of action.

First, although plaintiffs raise four constitutional causes of action under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), special reasons counsel hesitation in the recognition of the novel Bivens claims asserted here. The Supreme Court has refused to allow *Bivens* actions where, as here, Congress enacted remedial schemes that either remedy, or show that Congress did not intend to remedy, the particular claims at issue.

Second, plaintiffs' claims are untimely. *Bivens* actions have the same limitations period as the most closely analogous state law claim. In this case, the analogous state law claim is the common-law cause of action for public disclosure of private facts, which has a one-year

459083

limitations period in the District of Columbia. *See* D.C. Code § 12-301(4). Plaintiffs waited about three years to bring this action.

Third, plaintiffs have failed to state a valid *Bivens* claim as to Counts I-IV because defendant Libby is entitled to qualified immunity. A defendant is entitled to immunity unless no reasonable officer could have, under the circumstances, thought the conduct lawful. The conduct plaintiffs allege are not "clearly established" violations of First and Fifth Amendment rights.

Finally, plaintiff Joe Wilson lacks standing to assert Count I because he has not alleged any concrete injury to himself.

Defendants have absolute immunity as to plaintiffs' common-law tort claim under the Westfall Act, 28 U.S.C. § 2679, because defendants were acting within the scope of their employment at the time of the allegedly tortious conduct. As a result, Count V must be dismissed as to the individual defendants and the United States substituted as the sole defendant.

Dated: <u>November 14, 2006</u>

Theodore V. Wells, Jr. (DC Bar 468934)
James L. Brochin (DC Bar 455456)
Paul, Weiss, Rifkind, Wharton & Garrison LLP
1285 Avenue of the Americas
New York, NY  10019-6064
(212) 373-3089 (telephone)
(212) 373-2217 (facsimile)

Respectfully submitted,

/s/ William H. Jeffress, Jr.
William H. Jeffress, Jr. (D.C. Bar 041152)
Alex J. Bourelly (D.C. Bar 441422)
BAKER BOTTS, LLP
1299 Pennsylvania Avenue, N.W.
Washington, D.C.  20004-2400
(202) 639-7700 (telephone)
(202) 639-7890 (facsimile)

*Counsel for Defendant I. Lewis Libby*

459083