IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE PLAME WILSON, *et al.*, )<br>  )<br>          Plaintiffs, )<br>v. )<br>  )<br>I. LEWIS (a/k/a "SCOOTER") LIBBY )<br>JR., *et al.*, )<br>  )<br>          Defendants. )<br>_____) | Civil Action No. 06-1258 (JDB) |

**MOTION OF JUDICIAL WATCH, INC. FOR LEAVE
TO FILE *AMICUS CURIAE* BRIEF**

Judicial Watch, Inc. ("Judicial Watch") respectfully moves this Court for leave to file the accompanying *amicus curiae* brief in support of neither party. Judicial Watch's *amicus curiae* brief is solely for the purpose of assisting the Court in this case of general public interest. Plaintiffs Valerie Plame Wilson and Joseph C. Wilson IV ("Plaintiffs") and Interested Party The United States of America have consented to this motion. Defendants Vice President Richard B. Cheney ("Vice President") and Richard L. Armitage ("Armitage") oppose this motion and Judicial Watch's filing of an *amicus curiae* brief.[1]

**MEMORANDUM OF LAW**

Judicial Watch is a not-for-profit organization that seeks to promote integrity, transparency, and accountability in government and fidelity to the rule of law. In furtherance of these goals, Judicial Watch regularly monitors on-going litigation, files *amicus curiae* briefs, and pursues public interest litigation of its own, among other activities. Judicial Watch seeks to

---

[1] As of the date of this motion, neither Defendants I. Lewis Libby, Jr. ("Libby") nor Karl C. Rove ("Rove") have responded to Judicial Watch's request.

participate as *amicus curiae* in this matter for two separate, but related reasons.  First, Judicial Watch is particularly concerned about the Vice President's assertion of absolute immunity.  Second, the absolute immunity asserted by the Vice President is based largely on an overly broad interpretation of *Cheney v. U.S. District Court*, 542 U.S. 367 (2004), a case in which Judicial Watch was a party.  This gives Judicial Watch a unique perspective on the U.S. Supreme Court's ruling in *Cheney* – a perspective that no other party in this case has.

  Judicial Watch's proposed amicus curiae brief is a "friend of the court" brief in the most literal sense – the brief supports neither party specifically and is solely for the purpose of assisting the Court.  In addition to bringing a unique perspective to the case, several factors support permitting Judicial Watch's request for leave to file an *amicus curiae* brief.  First, Judicial Watch has a familiarity with and knowledge of the issues contained in the proposed brief.  Second, Judicial Watch's proposed brief does not reiterate arguments raised by another party.  Rather, its analysis focuses more broadly on concerns of judicial restraint and absolute immunity.  Judicial Watch's proposed brief also does not create, extend, enlarge or initiate any new issues.  Third, Judicial Watch's proposed brief is both timely and useful.  Because the brief does not support a particular party, no party will be required to reply or answer.  However, should any party wish to reply to Judicial Watch's proposed *amicus curiae* brief, there is ample time remaining in the existing briefing schedule.  In other words, permitting Judicial Watch to participate as an *amicus* will in no way prejudice or cause an undue burden for any of the parties.

  For the above reasons, Judicial Watch respectfully requests that this motion for leave to file the accompanying *amicus curiae* brief be granted.

Dated:  January 19, 2007                        Respectfully submitted,

<u>/s/ Paul J. Orfanedes</u>
D.C. Bar No. 429716
<u>/s/ Meredith L. Di Liberto</u>
D.C. Bar No. 487733
JUDICIAL WATCH, INC.
501 School Street, S.W.
Suite 500
Washington, D.C.  20024
(202) 646-5172

*Counsel for Amicus Curiae*

**LOCAL RULE 7(m) CERTIFICATE**

On January 10, 2007, I contacted Anne Weisman, counsel for Plaintiffs, Valerie Plame Wilson and Joseph C. Wilson IV, by telephone to inquire whether she would consent to Judicial Watch seeking leave to file an *amicus curiae* brief. Ms. Weisman consented.

On January 10, 2007, I contacted Glenn Stewart Greene, counsel for Interested Party, United States of America, by telephone to inquire whether he would consent to Judicial Watch seeking leave to file an *amicus curiae* brief. He replied that he would consider the request and return my call. On January 11, 2007, Mr. Greene contacted me by telephone and stated that he consented to the amicus brief.

On January 10, 2007, I contacted Michael Lawrence Waldman, counsel for Defendant Richard L. Armitage, by telephone to inquire whether he would consent to Judicial Watch seeking leave to file an *amicus curiae* brief. He replied that he would consider the request and return my call. On January 11, 2007, Mr. Waldman contacted me by telephone and stated that he opposed the amicus brief.

On January 10, 2007, I contacted Emmet T. Flood, counsel for Defendant Vice President Richard B. Cheney, by telephone to inquire whether he would consent to Judicial Watch seeking leave to file an *amicus curiae* brief. I left a voice mail message. On January 12, 2007, Mr. Flood returned my call and stated that he opposed the amicus brief.

On January 10, 2007, I contacted Alex Joseph Bourelly, counsel for Defendant I. Lewis Libby, Jr., and Robert David Luskin, counsel for Defendant Karl C. Rove, by telephone to inquire whether each would consent to Judicial Watch seeking leave to file an *amicus curiae* brief. I left voice mail messages for both Mr. Bourelly and Mr. Luskin. As of the date of this motion, neither had returned my call.

/s/ Meredith L. Di Liberto