UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| VALERIE PLAME WILSON, and <br> JOSEPH C. WILSON, IV, <br><br> Plaintiffs, <br><br> v. <br><br> I. LEWIS LIBBY, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | Civ. A. No. 06-1258 (JDB) |

**NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendant-amicus curiae the United States respectfully submits this notice to bring to the Court's attention the June 25, 2007 decision by the Supreme Court in *Wilkie v. Robbins*, 2007 WL 1804315 (attached for the Court's convenience as Exhibit 1). In *Wilkie*, the Supreme Court refused to create a *Bivens* claim for alleged actions taken by government officials in retaliation for the plaintiff's exercise of his right to exclude the government from his property.

*Wilkie* provides yet another example of the Supreme Court's consistent refusal to imply a *Bivens* remedy in new contexts or for novel claims, and it supports the United States' and the individual defendants' argument that the *Bivens* claims that the plaintiffs in this case seek to bring should not be recognized. In particular, the Supreme Court's decision reinforces two points discussed at oral argument before this Court on May 17, 2007.

1. *Wilkie* reaffirms that the existence of a statutory scheme encompassing a putative *Bivens* claim is *not* the only basis for a court to decline to create a *Bivens* claim and that other factors may make a *Bivens* claim inappropriate. The Court identified two analytically separate questions that must be answered before a *Bivens* claim is created:

> In the first place, there is the question whether any alternative, existing process for protecting the interest [sought to be vindicated by the *Bivens* claim] amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages. *Bush [v. Lucas*, 462 U.S. 367, 378 (1983)]. But even in the absence of an alternative, a *Bivens* remedy is a subject of judgment: "the federal courts must make the kind of remedial determination that is appropriate for a common-law tribunal, paying particular heed, however, to any special factors counselling hesitation before authorizing a new kind of federal litigation." *Bush, supra*, at 378.

2007 WL 1804315, at *8. The Court in *Wilkie* concluded that the first step of this inquiry, focusing on the existence of an alternative, statutory scheme encompassing the putative *Bivens* claims, was inconclusive when applied to the plaintiff's "factually plentiful" claims: "It would be hard to infer that Congress expected the Judiciary to stay its *Bivens* hand, but equally hard to extract any clear lesson that *Bivens* ought to spawn a new claim." *Id*. at *9, *10. The Court thus proceeded to "step two" to "weigh[] reasons for and against the creation of a new cause of action." *Id*. at *11.

If there was any uncertainty about whether a *Bivens* claim may be inappropriate even absent an alternative, statutory scheme, *Wilkie* eliminates that uncertainty. *See* Transcript of May 17, 2007 hearing ("Tr.") at 3 (Court asking "whether there have to be alternative effective remedies available"); *id*. at 6-10 (counsel arguing that additional factors, apart from the existence of the Privacy Act, weigh against recognizing plaintiffs' *Bivens* claims).[1]

2. *Wilkie* also underscores the broad scope of the factors that may be taken into account at "step two" in determining whether it is appropriate to create a *Bivens* claim. No one suggested in *Wilkie* that the *Bivens* claim there at issue would present a non-justiciable political question or would intrude into a sensitive area (such as military or foreign affairs) reserved to the Legislative

---

[1] For the Court's convenience, the transcript of the May 17, 2007 hearing is attached as Exhibit 2.

or Executive Branches.  *Compare* Tr. at 6-10 (discussing *United States v. Stanley*, 483 U.S. 669 (1987), *Sanchez-Espinoza v. Reagan*, 770 F.2d 202 (D.C. Cir. 1985), and *Totten v. United States*, 92 U.S. 105 (1876)).  But the Court made clear that the standard for declining to recognize a *Bivens* claim is much lower, holding that "difficulty in defining a workable cause of action" required rejecting the proposed *Bivens* claim.  *See* 2007 WL 1804315, at *11.

     *Wilkie* thus clarifies that practical or conceptual difficulties constitute "reasons" weighing "against the creation of a new cause of action," *id.*, even if those difficulties do not rise to the level of constitutional prohibitions.  Accordingly, because claims relating to alleged intelligence activities and operatives are likely to pose difficulties and raise sensitivities, the Court should decline to recognize plaintiffs' *Bivens* claims even if the Court does not believe that those claims are jurisdictionally precluded.  *See* Tr. at 8-9 (counsel arguing that "[t]his [C]ourt doesn't need to hold that the political question doctrine per se applies or that *Totten* per se applies.  This [C]ourt only needs to hold that there are sensitivities that counsel against extending *Bivens* to this context," and describing the prospect of *Totten*-type difficulties).

Dated: July 1, 2007

Respectfully submitted,

| | |
|---|---|
| PETER D. KEISLER<br>Assistant Attorney General | JEFFREY A. TAYLOR<br>United States Attorney for the<br>District of Columbia |

JEFFREY S. BUCHOLTZ
Principal Deputy Assistant Attorney General

C. FREDERICK BECKNER III
Deputy Assistant Attorney General

TIMOTHY P. GARREN
Director, Torts Branch

RICHARD MONTAGUE
Senior Trial Attorney


/s/ *Glenn S. Greene*
GLENN S. GREENE, #450348
Trial Attorney
Department of Justice
Torts Branch, Civil Division
P.O. Box 7146
Washington, D.C. 20530
Tel: (202) 616-4143
Fax: (202) 616-4314
Attorneys for the United States of America