IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| VALERIE PLAME WILSON and <br> JOSEPH C. WILSON IV, <br>                      Plaintiffs <br><br>             v. <br><br> I. LEWIS LIBBY JR., <br> KARL C. ROVE, <br> RICHARD B. CHENEY, <br> RICHARD L. ARMITAGE, and <br> JOHN DOES 1-9, <br>                      Defendants | Case No. 06-1258 (JDB) |

**PLAINTIFFS' RESPONSE TO NOTICE
OF SUPPLEMENTAL AUTHORITY**

      The United States filed a notice with this Court concerning the Supreme Court's recent decision in Wilkie v. Robbins, 2007 WL 1804315.  Wilkie v. Robbins, however, does not speak to any of the issues currently pending before this Court in connection with the defendants' motions to dismiss.  In fact, the analysis in Wilkie supports the plaintiffs' claims under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971).

      First, the Supreme Court explained that the issue in Wilkie was "whether to devise a *new Bivens* damages action for retaliating against the exercise of ownership rights." 2007 WL 1804315 at * 8 (emphasis added).  The Court stressed that the "state of the law gives Robbins no intuitively meritorious case for recognizing a *new* constitutional cause of action." Id. at * 10 (emphasis added).

      Plaintiffs in this action are not asking the Court to recognize a new claim under Bivens or to create a new cause of action.  As explained in plaintiffs' opposition to the motions to dismiss,

the law already is clearly established that <u>Bivens</u> actions exist for violation of First Amendment rights and for denials of equal protection and due process. <u>See</u>, <u>e.g.</u>, <u>Davis v. Passman</u>, 442 U.S. 228 (1979) (<u>Bivens</u> action exists for violation of due process); <u>Haynesworth v. Miller</u>, 820 F.3d 1245, 1255 (D.C. Cir. 1987) (<u>Bivens</u> action exists for violation of First Amendment rights); <u>Dellums v. Powell</u>, 566 F.2d 167, 194 (D.C. Cir. 1977) (same). Plaintiffs' constitutional claims are for violations of the First Amendment, equal protection and due process and therefore fit within well-established causes of action under <u>Bivens</u>.

Second, the approach that the Court prescribed for analyzing <u>Bivens</u> claims is not new and, indeed, supports the plaintiffs' position that there is a cause of action under <u>Bivens</u> in this case. The Court stated:

> In the first place, there is the question whether any alternative, existing process for protecting the interest amounts to a convincing reason for the Judicial Branch to refrain from providing a new and freestanding remedy in damages. But even in the absence of an alternative, a Bivens remedy is a subject of judgment: 'the federal courts must make the kind of remedial determination that is appropriate for a common-law tribunal, paying particular heed, however, to any special factors counseling hesitation before authorizing a new kind of federal litigation.'

2007 WL 1804315 at * 8. As to the first factor, the Court in <u>Wilkie</u> found that "Robbins had ready at hand a wide variety of administrative and judicial remedies to redress his injuries." <u>Id.</u> at * 14. In this case, by contrast, as explained in the opposition to the motions to dismiss, no other statute provides the plaintiffs any remedy for the constitutional and tort violations they suffered.

As to the second factor, the Court said that there is a

> serious difficulty of devising a workable cause of action. A judicial standard to identify illegitimate pressure going beyond legitimately

> hard bargaining would be endlessly knotty to work out, and a general provision for tortlike liability when Government employees are unduly zealous in pressing a governmental interest affecting property would invite an onslaught of <u>Bivens</u> actions.

<u>Id.</u>

None of this has any application to this case. There already exists a workable cause of action for each of the claims presented in plaintiffs' Complaint for infringements of freedom of speech, equal protection and due process. The Court in <u>Wilkie</u> was concerned about when bargaining becomes coercion. In this case, the violation is clear and unequivocal: revealing the identity of a secret operative for partisan political gain. And, of course, there is no likelihood that applying <u>Bivens</u> here will give rise to an onslaught of such actions. There is every reason to believe that these kind of egregious acts by high-level officials are a rarity.

The government, in its Notice of Supplemental Authorities, repeats the arguments made earlier that "claims relating to alleged intelligence activities and operatives are likely to pose difficulties and raise sensitivities." But <u>Wilkie</u> does not speak to this at all. Nor, as plaintiffs argued earlier, are there any "difficulties" or "sensitivities" raised in this case. Plaintiffs' claim is straightforward: defendants revealed that Valerie Plame Wilson was a secret operative and destroyed her career in retaliation for Joseph Wilson exposing falsehoods in the president's State of the Union Message. The crucial facts that are allegedly sensitive are already a part of the public record precisely because of the defendants' actions. At the very least, if there are "difficulties" or "sensitivities" they should be dealt with if they arise, not on a motion to dismiss for failure to state a claim.

                   Respectfully submitted,

       */s/Anne L. Weismann*
Anne L. Weismann (D.C. Bar No. 298190)
Melanie Sloan (D.C. Bar No. 434584)
Citizens for Responsibility
  and Ethics in Washington
1400 Eye Street, N.W.
Suite 450
Washington, D.C. 20005
Phone:  (202) 408-5565
Fax:  (202) 588-5020

Erwin Chemerinsky (D.C. Bar No. 289330)
Duke University School of Law
Science Drive and Towerview Road
Durham, NC 27708-0360
Phone: (919) 613-7173
Fax:  (919) 613-7231

Joseph Cotchett (D.C. Bar No. 325498)
Cotchett, Pitre, Simon & McCarthy
840 Malcolm Road, Suite 200
Burlingame, CA  94010
Phone:  (650) 6979-6000
Fax:  (650) 697-9577

Attorneys for Plaintiffs

Dated:  July 11, 2007